IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**JOEY D. HAMPTON,**

**Defendant.**                                                              No. 09-30175-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Hampton's motion to correct clerical error in PSR (Doc. 63). Hampton moves the Court to remove the following language contained in paragraph 33 of his Presentence Report: "According to the complaint, on August 14, 1996, the defendant, by means of force and fear, took personal property from the person, possession, and immediate presence of another." Hampton contends that he was not found guilty of the charge contained in paragraph 33, but of a lesser charge of second degree felony that did not result by means of force and fear and that robbery in the first degree charge was dismissed. Hampton further contends that this language is prohibiting him from participating in rehabilitation programs. Based on the following, the Court denies the motion.

Federal Criminal Rule 36 provides:

After giving notice it considers appropriate, the court may at any

time correct a clerical error in a judgment, order, or other part of the record, or correct, an error in the record arising from oversight or omission.

"Rule 36 permits a district court to ensure that the record accurately reflects judicial decisions but does not authorize a challenge to the substance of those decisions." *United States v. Williams*, --- F.3d ---, 2015 WL 394071 (7th Cir. 2015)(citing *United States v. McHugh,* 528 F.3d 538 (7th Cir. 2008)). A "clerical error," which, in the sentencing context, is a clerk's failure to accurately record the sentence pronounced from the bench in open court. *See United States v. Eskridge,* 445 F.3d 930, 934 (7th Cir. 2006); *United States v. Smith,* 438 F.3d 796, 799-800 (7th Cir. 2006). Rule 36 is typically for situations in which the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes. *United States v. Johnson,* 571 F.3d 716, 718 (7th Cir. 2009).

Here, Hampton does not contend that his sentence was improperly transcribed; the "error" he complains of is substantive. Specifically, whether the author of the report accurately understood the nature of one of Hampton's older convictions is a substantive matter. *See Williams* at * 1. Further, Hampton should have raised this issue either before or at the sentencing in the form of an objection. *Id.* ("[O]nly if a timely objection is made must a district judge state on the record (if the issues affects the sentence) whether the PSR is correct. Fed.R.Crim.P. 32(f)(1), (i)(3).") While Hampton initially raised this in the form of an objection prior to sentencing; he later withdrew the objection before sentencing (Docs. 46 & 52) and he did not appeal or file a 28 U.S.C. § 2255 petition. It is too

late to revisit this subject.

    Accordingly, the Court **DENIES** the motion (Doc. 63).

    **IT IS SO ORDERED.**

    Signed this 13th day of February, 2015.

Digitally signed by David R. Herndon
Date: 2015.02.13 12:50:14 -06'00'

**United States District Judge**